**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**David C. Casas, Troy D. Clark, Patrick Hogan, Linda L. Souder, and William M. Soule on behalf of themselves and other past and present employees similarly situated,**

**Plaintiffs,**

**v.**

**Conseco Finance, Inc., a wholly owned subsidiary of Conseco, Inc.,**

**Defendant.**

**Civil No. 00-1512 (JRT/SRN)**

**ORDER**

---

Paul J. Lukas, Esq. and Donald H. Nichols, Esq., on behalf of Plaintiffs.

Jason M. Hedican, Esq., on behalf of Defendant.

---

SUSAN RICHARD NELSON, United States Magistrate Judge

The above-entitled matter was heard by Magistrate Judge Nelson on October 31, 2000, on Plaintiffs' Motion Seeking to Allow Defendant's Current Employees to Join the Lawsuit by Filing Consent Forms Temporarily Under Seal, Plaintiffs' Motion to Compel Defendant to Provide a Complete Answer to Plaintiffs' Interrogatory Number Four, and Plaintiffs' Motion for Approval of the Proposed Judicial Notice.

**A. Motion to Allow Employees to File Consent Forms Under Seal**

Plaintiffs' first motion requests that Defendant's current employees be allowed to join the lawsuit using a pseudonym until February 1, 2001. (Pls.' Mem. in Supp. of Mot. for Approval of

FILED NOV 06 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Notice, Doc No. 16, at p. 7.) Plaintiffs argue that anonymity is required because Defendant has allegedly coerced its current employees not to join the lawsuit. (Id.) The First Amendment interest in public proceedings weighs against allowing the use of pseudonyms in lawsuits. See Luckett v. Beaudet, 21 F.Supp.2d 1029, 1029 (D. Minn. 1998). However, there are three factors which, if present, may support anonymity: "(1) plaintiffs seeking anonymity were suing to challenge governmental activity; (2) prosecution of the suit compelled plaintiffs to disclose information 'of the utmost intimacy'; and (3) plaintiffs were compelled to admit their intention to engage in illegal conduct, thereby risking criminal prosecution." (Id.)

Plaintiffs do not assert that any of the above factors are present in this case. Rather Plaintiffs assert only potential employer retaliation as a basis for granting anonymity. Although employer retaliation may warrant anonymity in certain circumstances, Plaintiffs are unable to articulate a fear of retaliation that is so severe as to outweigh the First Amendment presumption against anonymity. See Does I Thru XXIII v. Advanced Textile Corp., 214 F.3d 1058 (9th Cir. 2000) (the vulnerable status of the plaintiffs and the extreme nature of the potential employer retaliation warranted anonymity; the feared retaliation included physical violence, deportation, and possible arrest).

**B. Motion to Compel Answer to Interrogatory Number Four**

Plaintiffs' second motion seeks to compel a more complete answer to Plaintiffs' interrogatory number four. (Pls.' Mem. in Supp. of Mot. for Approval of Notice, Doc No. 16, at p. 8.) Interrogatory number four requests the following information: "Identify by name, last known address, telephone number, and dates of employment, all persons employed by you as loan specialists, loan originators, account mangers, or loan officers, from June 1, 1997, to present." (Id.)

Defendant opposes this motion on two grounds. First, Defendant argues that the three year reach of the interrogatory request is inappropriate because Plaintiffs have failed to allege willfulness. (Def.'s Mem. in Opp'n to Pls.' Mot. To Approve Judicial Notice, Doc. No. 25, at pp. 15-16.) Both parties recognize that 29 U.S.C. § 255(a) governs the statute of limitations for this lawsuit. Section 255 states that a lawsuit

> may be commenced within two years after the cause of action accrued, and every such action shall be forever barred unless commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued

29 U.S.C. § 255(a). Plaintiffs have not alleged that Defendant's conduct was willful. Therefore, the two year statute of limitations applies and Plaintiffs can only properly request employee information starting on June 21, 1998, two years prior to filing of the complaint. If at a later time Plaintiffs are able to present evidence of willfulness, Plaintiffs may amend the complaint and seek employee information from June 21, 1997, forward.

Defendant also objects to Plaintiffs' request for a more definite answer to interrogatory number four on the grounds that Plaintiffs are not entitled to discover the names of employees throughout the country because Plaintiffs have not presented evidence that these employees are similarly situated. (Def.'s Mem. in Opp'n to Pls.' Mot. To Approve Judicial Notice, Doc. No. 25, at pp. 15-16.) The Court notes that the Complaint caption includes the named Plaintiffs and "other past and present employees similarly situated." (Compl., Doc. No. 1.) The Court finds that Defendant understood the Complaint to include other "employees similarly situated" because Defendant provided a list of loan originators from the offices where named Plaintiffs worked, as well as other Minnesota offices. Therefore, to the extent that Defendant has not provided a list of all

Minnesota loan specialists, loan originators, account managers, and loan officers employed by Defendant within the last two years, it will do so by **November 17, 2000**.[1]

Although the Complaint references other "employees similarly situated" as potential Plaintiffs, it is ambiguous as to the scope of the potential class. The Court orders Plaintiffs to amend the Complaint to include a specific paragraph outlining the intended scope of the class by **November 17, 2000**. In addition, both parties are ordered to submit supplemental briefing on potential geographic restrictions of the class by **November 17, 2000**.

**C. Motion for Judicial Notice**

In their final motion, Plaintiffs seek the Court's approval for Plaintiffs' proposed judicial notice to employees who have not yet joined the action. According to Plaintiffs, there are potentially hundreds of additional similarly situated Plaintiffs who would qualify to opt-in to this suit. Plaintiffs argue that judicial notice is beneficial because it provides an economical means of notifying potential plaintiffs, inside and outside the state of Minnesota, in a timely and accurate way. (Pls.' Mem. in Supp. of Mot. for Approval of Notice, Doc No. 16, at pp. 5-6.) At the hearing, Defendant objected to the judicial notice arguing that (1) Plaintiffs have already noticed a prospective class, (2) Plaintiff's have not established that court approved notice is necessary, and (3) the proposed judicial notice is not facially neutral.

A district court has the discretion to assist in the notice of potential class members through judicial notice of a collective action. See Hoffman-La Roche Inc. v. Sperling, 493 U.S. 165, 170,

---

[1]The date for submissions was originally scheduled for November 10, 2000. The deadline has been extended by agreement of the parties and the Court as discussed at the November 3, 2000, conference call.

110 S. Ct. 482, 486, 107 L.Ed.2d 480 (1989). Before granting judicial notice, the Court must assure that there is some factual basis for the class-wide claim. See Severtson v. Phillips Beverage Co.,137 F.R.D. 264, 267 (D. Minn. 1991). "Court-authorized notice need not await a final determination that the 'similarly situated' requirement is satisfied," rather Plaintiffs need only submit evidence establishing a "colorable basis" for the claim that potential Plaintiffs are "similarly situated." Id. On September 11, 2000, Plaintiff sent a letter to the Court seeking advice on how to proceed with notice, suggesting the possible use of judicial notice. The Court declined to authorize judicial notice based on the facts in the record at that time, but informed Plaintiffs that they could formally move for judicial notice at a later date.

Plaintiffs made a formal motion for judicial notice on October 6, 2000 [Doc. No. 20] and supported that motion with an affidavit from William Soule, a former employee of the Defendant. (Doc. No. 15, Attach. Aff. of William Soule.) In his affidavit, Mr. Soule states that the loan originators in Minnesota, Arizona, and Missouri are all part of the same division, that they shared the same phone system, and performed the same duties. (Id.) These facts are sufficient to establish a "colorable basis" for a claim that loan originators in these states were "similarly situated." The Court agrees with Plaintiffs that judicial notice will provide an efficient means for notifying potential class members and orders the parties to meet and confer on the content of such a proposed judicial notice. The parties should keep in mind that the notice must be absolutely neutral and have the sole purpose of notifying potential class members. The parties are to provide the Court with a jointly prepared proposed judicial notice for the Court's approval by **November 17, 2000**. If the parties are unable to agree on a proposed judicial notice, they may brief their disagreements in the **November 17, 2000**, submissions.

**THEREFORE, IT IS HEREBY ORDERED** that:

1) Plaintiffs' Motion Seeking to Allow Defendant's Current Employees to Join the Lawsuit by Filing Consent Forms Temporarily Under Seal [Doc. No. 15-1] is **DENIED**;

2) Plaintiffs' Motion to Compel Defendant to Provide a Complete Answer to Plaintiffs' Interrogatory Number Four [Doc. No. 15-2] is **DEFERRED PENDING SUPPLEMENTAL BRIEFING**:

   (a) To the extent that Defendant has not provided a list of all Minnesota loan specialists, loan originators, account managers, and loan officers employed by Defendant within the last two years, it will do so by **November 17, 2000**,

   (b) Plaintiffs are ordered to amend the Complaint to include a paragraph better defining the potential class of similarly situated employees by **November 17, 2000**,

   (c) Both parties are ordered to submit supplemental briefing regarding potential geographic restrictions of the class by **November 17, 2000**; and

3) Plaintiffs' Motion for Approval of the Proposed Judicial Notice [Doc. No. 15-1] is **GRANTED as follows**:

   (a) The parties are to provide the Court with a jointly prepared judicial notice for the Court's approval by **November 17, 2000**,

   (b) If the parties are unable to agree on a proposed judicial notice, they may brief their disagreements in the **November 17, 2000**, submissions.

Dated: November 6, 2000.

Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge