**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**David C. Casas, Troy D. Clark, Patrick Hogan, Linda L. Souder, and William M. Soule on behalf of themselves and other past and present employees similarly situated,**

**Plaintiffs,**

**v.**

**Conseco Finance, Inc., a wholly owned subsidiary of Conseco, Inc.,**

**Defendant.**

**Civil No. 00-1512 (JRT/SRN)**

**ORDER**

---

Paul J. Lukas, Esq. and Donald H. Nichols, Esq., on behalf of Plaintiffs.

Jason M. Hedican, Esq., on behalf of Defendant.

---

SUSAN RICHARD NELSON, United States Magistrate Judge

The above-entitled matter was heard by the undersigned United States Magistrate Judge on October 31, 2000, on multiple motions, including Plaintiffs' Motion to Compel Defendant to Provide a Complete Answer to Plaintiffs' Interrogatory Number Four, and Plaintiffs' Motion for Approval of the Proposed Judicial Notice. In the November 6, 2000, Order, the Court granted Plaintiffs' motion for judicial notice, but deferred ruling on (1) the scope of the collective action, and (2) Plaintiffs' Motion to Compel Defendant to Provide a Complete Answer to Plaintiffs'



FILED DEC 04 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Interrogatory Number Four,[1] until the parties submitted supplemental briefing regarding the potential geographic restrictions of the class. This Order will address these issues. In addition, this Order will also resolve the two outstanding issues regarding the wording of the proposed judicial notice.

## I. LIMITATIONS ON THE SCOPE OF THE CLASS AND DISCOVERY

Plaintiffs brought this collective action under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, et. seq. Section 216(b) describes the right of action under the FLSA and states that

> an action . . . may be maintained against any employer . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought

29 U.S.C. § 216(b).[2] In determining whether to allow judicial notice the Court must determine if the proposed plaintiffs are similarly situated. The Court has discretion to assist in the notice of potential class members through judicial notice of a collective action. Hoffman-La Roche Inc. v. Sperling, 493 U.S. 165, 170, 110 S. Ct. 482, 486, 107 L.Ed.2d 480 (1989). However, section

---

[1] Interrogatory number four requests the following information: "Identify by name, last known address, telephone number, and dates of employment, all persons employed by you as loan specialists, loan originators, account mangers, or loan officers, from June 1, 1997, to present." (Pls.' Mem. in Supp. of Mot. for Approval of Notice, Doc No. 16, p. 8.) The Court denied this motion to the extent that it seeks production of names of the retail originators and direct lending originators beyond the two year statute of limitations because Plaintiffs did not plead "willfulness." (Order dated Nov. 6, 2000, Doc. No. 33, p. 3.)

[2]A FLSA collective action is different from a Fed. R. Civ. P. 23 class action in that FLSA follows a "opt-in" procedure rather than the Rule 23 "opt-out" procedure. Schmidt v. Fuller Brush Co., 527 F.2d 532, 535-36 (8th Cir. 1975).

216(b) does not define the term "similarly situated" and the issue has been largely unaddressed by the circuit courts. See Bayles v. American Med. Response of Colo., Inc., 950 F.Supp. 1053, 1058-66 (D. Colo. 1996) (noting that district court opinions on the issue of "similarly situated" generally fall into four categories: (1) similarly situated if members meet the commonality and typicality requirements of modern Rule 23(a); (2) similarly situated if members meet all the requirements of modern Rule 23 and do not conflict with the requirements of section 216(b); (3) similarly situated if the members meet the requirements for a "spurious" class under pre-1966 Rule 23; and (4) similarly situated under the plain meaning of the term "similarly situated" and in light of the purposes of the collective action, as typified by Lusardi v. Xerox Corp., 118 F.R.D. 351 (D.N.J. 1987)).

In determining whether plaintiffs are sufficiently similarly situated to proceed collectively, the District of Minnesota has largely followed the two-stage process developed in Lusardi v. Xerox, Corp.[3] See Ray v. Motel 6 Operating, Ltd., 1996 WL 938231 (D. Minn.

---

[3]Lusardi v. Xerox Corp., 118 F.R.D. 351 (D.N.J. 1987), mandamus granted in part, appeal dismissed, Lusardi v. Lechner, 855 F.2d 1062 (3rd Cir. 1988), vacated in part, modified in part, and remanded, Lusardi v. Xerox Corp., 122 F.R.D. 463 (D.N.J. 1988), aff'd in part, appeal dismissed, Lusardi v. Xerox Corp., 975 F.2d 964 (3rd Cir. 1992).

Under the Lusardi test, the Court's first determination is made at the notice stage. Mooney v. Aramco Services Co., 54 F.3d 1207, 1213 (5th Cir. 1995). The Court generally reviews the pleadings and the affidavits to determine whether to conditionally certify a representative class at that time. Id. at 1214. If the Court conditionally certifies the class, the action proceeds as a representative action throughout discovery. Id. The second step is usually precipitated by a defendant's motion for "decertification" after discovery is largely complete. Id. At this stage, the Court has more information upon which to make its factual determination on the question of "similarly situated." Id. If the Court determines that the parties are similarly situated, the case proceeds to trial. Id. If the Court determines that the parties are not similarly situated, the opt-in plaintiffs are dismissed without prejudice, and the named plaintiffs proceed to trial on their individual claims. Id. This two step process "was implemented specifically to allow discovery on the circumstances of and facts surrounding the class members and named

1996); Severtson v. Phillips Beverage Co., 141 F.R.D. 276 (D. Minn. 1992); and Ulvin v. Northwestern Nat. Life Ins. Co., 141 F.R.D. 130 (D. Minn. 1991). The Court will approve the sending of judicial notice, and authorize applicable discovery when "plaintiffs have established a colorable basis for their claim that a class of similarly situated plaintiffs exists." Severtson, 141 F.R.D. at 278. A colorable basis means that Plaintiffs must come forward with something more than mere averments in the complaint. Id. at 278-79. At this preliminary stage of analysis the Court need not make findings of fact with respect to contradictory evidence, nor make credibility determinations with respect to the evidence presented. Id. at 279.

Determining class status at the notice stage is often liberally authorized and allows the plaintiffs to proceed as a class throughout discovery; however, this status is not the equivalent of class certification. Ray, 1996 WL 938231 *2. Final certification generally occurs after discovery when the Court makes the necessary findings of fact and credibility determinations, and ultimately decides if the proposed class is in fact similarly situated. See Ray, 1996 WL 938231 *2 ("The court can 'decertify' the class following discovery when the court has more information to achieve a factual determination on the similarly situated question."); and Severtson, 141 F.R.D. at 279 (noting that "[s]uch findings will be made by the district court at the certification hearing if plaintiff meets its initial burden of establishing a colorable basis for its claims.").

Plaintiffs provide the following evidence in support of their assertion that the proposed nationwide class is similarly situated for the purposes of class notice and discovery:

---

plaintiffs." Lusardi, 118 F.R.D. at 361.

1. Andrew James, Defendant's Rule 30(b)(6) designee for the Retail Mortgage Services Division (RMS), testified that regardless of geographic location, the retail originators perform the same job duties under the same job description, are compensated using one compensation plan, are entitled to the same rates of commission, are compared regionally and nationally with other retail originators, and were not paid overtime for work prior to March 2000. (Pls. Mem. in Opp'n to Def.'s Request to Limit Class of Similarly Situated Employees, Doc. No. 41, p. 7; and Aff. of Paul Lukas, Doc. No. 42, Ex. A, Dep. of Andrew James.)

2. Patrick McMullan, Defendant's Rule 30(b)(6) designee for the Home Improvement Division (HID), testified that, regardless of geographic location, the direct lending originators perform the same job duties under the same job description, are compensated using one compensation plan, are entitled to the same rates of commission, are compared nationally with other direct lending originators, and were not paid overtime prior to March 2000. (Pls. Mem. in Opp'n to Def.'s Request to Limit Class of Similarly Situated Employees, Doc. No. 41, p. 7; and Aff. of Paul Lukas, Doc. No. 42, Ex. B, Dep. of Patrick McMullan.)

3. The retail loan originators and the direct loan originators perform the following similar tasks: using "leads" to sell products to customers, taking the necessary information for the loan/mortgage application, assisting in the processing of the loan/mortgage, and receiving approval from an underwriter. (Pls. Mem. in Opp'n to Def.'s Request to Limit Class of Similarly Situated Employees, Doc. No. 41, p. 7; and Aff. of Paul Lukas, Doc. No. 42, Exs. A and B.)

Despite these facts, Defendant claims that a proposed class that includes retail originators and direct loan originators outside the State of Minnesota is inappropriate. (Def.'s Supp. Brief on Geographical Limitations to Collective Action, Doc. No. 39, p. 7.) In response to Plaintiffs' evidence, Defendant offers its own evidence that the proposed nationwide class is not similarly situated. For example, Defendant asserts, inter alia, the following: (1) RMS and HID are two separate divisions; (2) RMS and HID sell different loan products using different methods; (3)

lack of commonality of damages; (4) individualized exemptions may preclude recovery; and (5) the proposed class is unmanageable because there are hundreds of offices and potentially thousands of plaintiffs. (Id., pp. 7-15.) Defendant relies on Ray v. Motel 6 Operating, Ltd. Partnership, 1996 WL 938231 (D. Minn. 1996), in arguing that these factors should be considered in determining whether Plaintiffs have shown a colorable basis for the nationwide class at the notice stage. The court in Ray used factors that are generally reserved for the decertification process –such as the existence of different jobs, different geographic locations, and different supervisors– at the initial notice stage when the facts before the court were extensive and there was no need for further discovery to reach a determination. Ray, 1996 WL 938231 * 3. Unlike Ray, this case requires additional discovery before a final determination of class certification. For example, the Court does not have definitive evidence to support a finding that there is a lack of commonality of damages or individualized exemptions that would preclude recovery.

Although the Court finds that continued discovery is necessary, the Court is aware that manageability issues are a factor even at the preliminary notice stage. See Severtson v. Phillips Beverage Co., 137 F.R.D. 264, 266-67 (D. Minn. 1991)(before allowing plaintiffs to send judicial notice the court should make a preliminary inquiry as to whether a manageable case exists). The absence of a single-company wide plan or decision is a factor in determining manageability. See Ray, 1996 WL 938231 *4 (manageability was questionable because the court questioned whether the illegal action was actually carried out through central management –the official policy was in compliance with the FLSA and the evidence showed that any illegal scheme was carried out on a decentralized level); and Lusardi, 122 F.R.D. at 465 (manageability

concerns included the lack of a single decision, in this case there were sixty-five separate reductions in the workforce). Although different offices and different locations are involved in this case, the potential plaintiffs do not appear to be so diverse as to create an unmanageable class at this time. Unlike Ray and Lusardi, Plaintiffs have presented evidence of centralized decision making and planning. Defendant used the same job description, performance models, and compensation plans for its retail originators throughout the country regardless of geographic location. The same is true for the direct lending originators. In addition, there is evidence that the retail originators and direct lending originators performed very similar duties, and as a matter of policy, neither were paid for overtime work. These facts are sufficient to create a colorable basis for allowing nationwide judicial notice of this action.

The Court need not resolve factual disputes as to this evidence. At this stage it is enough that Plaintiffs have presented evidence tending to show central control. The fact that these allegations are disputed does not mean that Plaintiffs have failed to establish a colorable basis for notice. Factual disputes are more properly brought after discovery is complete, when the court revisits the issue of class certification. Ray, 1996 WL 938231 *3 ("the court can 'decertify' the class following discovery when the court has more information to achieve a factual determination"); and Severtson, 141 F.R.D. at 279 (fact issues should be resolved "at the motion for certification of collective action").

At this notice stage, the Court finds that Plaintiffs have established a colorable basis for nationwide judicial notice. The Court will allow Plaintiffs to send judicial notice to all retail originators and direct lending originators who are or have been employed at any of Defendant's nationwide offices within the two year statute of limitations period. In addition, when a court

finds "court-authorized notice appropriate, the discovery should be allowed." Severtson, 137 F.R.D. at 267. Therefore, the Court orders Defendant to answer Plaintiffs' interrogatory question number four as it applies to the nationwide class.

## II. FORM OF JUDICIAL NOTICE

In the November 6, 2000, Order, the Court ordered the parties to jointly prepare a proposed judicial notice and submit the notice for the Court's approval. The parties largely agree on the substance of the proposed judicial notice, but disagree on two issues.

### A. Disagreement One: The Description of Defendant's Alleged Defenses

The first disagreement involves the description of Defendant's alleged defenses. The parties agree that the defense paragraph should read as follows:

> Defendant has denied any wrongdoing or liability and contests all claims that have been asserted. While generally the FLSA requires that employees receive overtime pay for all hours of work in excess of forty (40) hours per work week, the FLSA also provides that certain employees are "exempt" from its overtime requirements. Defendant maintains that Plaintiffs were "exempt" employees under the FLSA.

(Pls.' Final Version of Judicial Notice, p. 2 ; and Aff. Jason H. Hedican, Doc. No. 44, Ex. 12, p. 2.) Defendant proposes to add the following sentence to the end of the above paragraph, "which for example exempts employees in certain administrative, outside sales or commission sales positions." (Aff. Jason H. Hedican, Doc. No. 44, Ex. 12, p. 2.) Plaintiffs object to Defendant's request arguing that this "detailed description" of the defenses "tips the neutral balance of the notice toward Defendant." (Pls.' Mem. on Proposed Judicial Notice, p. 2.) The Court disagrees. The proposed additional sentence does not provide a detailed description of the defenses. The sentence does not contain confusing, or any statutory citations, nor does it suggest that all

administrative, outside sales, or commission sales employees are in fact exempt. Rather, the proposed sentence generally lists potential exemptions available under the FLSA. Defendant's proposed additional sentence does not tip the balance of neutrality and will be allowed.

**B. Disagreement Two: Number of Consents Filed**

The parties also disagree on whether the judicial notice should contain a statement indicating the number of consents that have been filed. Plaintiffs argue that without this information, potential plaintiffs "will be mislead into believing that they would be the seventh plaintiff, joining a small group." (Pls.' Mem. on Proposed Judicial Notice, p. 1.) Plaintiffs assert that such an omission would be contrary to the concept of "strength in numbers," which Plaintiffs claim is a stated purpose of the FLSA. (Id., at p. 2, citing Hoffman-La Roche, 493 U.S at 170; and Glass v. IDS Fin. Servs., Inc. 778 F.Supp. 1029, 1081-82 (D. Minn. 1991).) It is true that the FLSA authorizes collective actions, and that collective actions assist plaintiffs in lowering individual costs by pooling their resources to vindicate their rights, Hoffman-La Roche, 493 U.S. at 170; however, such a policy does not mandate that potential plaintiffs be informed of the exact number of other plaintiffs participating in the suit.

The proposed judicial notice explains that Plaintiffs seek to sue on behalf of all employees who are or have been:

> (a) employed by Defendant as direct lending originators in its Home Improvement Division from June 22, 1998 until April 1, 2000 or as retail originators in its Retail Mortgage Services Division from June 22, 1998 until March 1, 2000; and
>
> (b) did not receive overtime compensation for any hours worked beyond forty (40) hours in a work week.

(Pls.' Final Version of Judicial Notice, p. 2 ; and Aff. Jason H. Hedican, Doc. No. 44, Ex. 12, p.

3.) The Court finds that this statement is sufficient to alert potential plaintiffs of their rights in a collective action lawsuit. The Court does not find it necessary to include the exact tally of current opt-in participants in the judicial notice.

**THEREFORE, IT IS HEREBY ORDERED** that:

(1) Plaintiffs are given leave to send judicial notice to all retail originators and direct lending originators who are or have been employed at any of Defendant's nationwide offices within the two year statute of limitations period.

(2) Plaintiffs' Motion to Compel Defendant to Provide a Complete Answer to Plaintiffs' Interrogatory Number Four (Doc. No. 15-2) for a nationwide class is **GRANTED**; and

(3) The judicial notice will include the Defendant's proposed description of defenses, and will not include the specific number of opt-in participants.

Dated: December 4, 2000

Susan Richard Nelson

SUSAN RICHARD NELSON
United States Magistrate Judge