UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

**David C. Casas, Troy D. Clark, Patrick Hogan, Linda L. Souder, and William M. Soule on behalf of themselves and other past and present employees similarly situated,**

**Plaintiffs,**

**v.**

**Conseco Finance, Inc., a wholly owned subsidiary of Conseco, Inc.,**

**Defendant.**

**Civil No. 00-1512 (JRT/SRN)**

**ORDER**

---

Paul J. Lukas, Esq. and Donald H. Nichols, Esq., on behalf of Plaintiffs.

Scott Bowman, Esq., on behalf of Defendant.

---

SUSAN RICHARD NELSON, United States Magistrate Judge

The above-entitled matter was heard by Magistrate Judge Nelson on March 14, 2001, on Plaintiffs' Motion to Amend the Complaint (Doc. No. 122-1), Plaintiffs' Motions to Compel (Docs. No. 122-2, 122-3), and Plaintiffs' Motion for Sanctions (Doc. No. 122-4).

## I. PLAINTIFFS' MOTION TO AMEND THE COMPLAINT

Plaintiffs seek to amend the complaint to add Conseco Finance Corporation ("CFC") as a defendant in this matter. Whether to grant leave to amend is within this Court's sound discretion. Niagara of Wis. Paper Corp. v. Paper Industry Union-Management Pension Fund, 800 F.2d 742, 749 (8th Cir. 1986). Rule 15 of the Federal Rules of Civil Procedure states that "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a).

FILED MAR 2 2 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Plaintiffs assert that CFC is a proper defendant in this case because it is an "employer" as defined by the Fair Labor Standards Act ("FLSA"). 29 U.S.C. §§ 203(d) and 207(a)(1). The FLSA provides that "[e]very employer shall pay to each of his employees" not less than the minimum wage. 29 U.S.C. § 206(a). The FLSA defines "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). The term "employee" is defined as "any individual employed by an employer," and "employ" is defined as "to suffer or permit to work." 29 U.S.C. § 203 (e)(1), (g).

Courts are to construe the terms "employee" and "employer" expansively under the FLSA. McMaster v. State of Minn., 819 F.Supp. 1429, 1435 (D. Minn. 1993). The United States Supreme Court has stated that courts should determine whether an individual is an "employee" in light of the "economic reality" of the relationship, rather than rely on "technical concepts." Goldberg v. Whitaker House Co-op., Inc., 366 U.S. 28, 33, 81 S. Ct. 933, 936 61 L.Ed.2d 10 (1961) (quoting United States v. Silk, 331 U.S. 704, 713, 67 S. Ct. 1463, 1468, 91 L.Ed. 1757 (1947)). The Eighth Circuit has adhered to no single set of factors in undertaking the "economic reality" analysis. Accordingly, the Court must simply focus "upon the circumstances of the whole activity." Reich v. Conagra, Inc., 987 F.2d 1357, 1360-61 n.4 (8th Cir. 1993) (quotation omitted).

Defendant argues that CFC should not be added as a defendant because CFC is merely the parent company and not the employer of the subsidiaries' employees. Defendant asserts that CFC is not an employer because: (1) CFC does not hire or fire the employees of its subsidiaries; and (2) CFC does not supervise or control the work schedule or manner of work performance of

the subsidiaries' employees. (Def.'s Mem., Doc No. 133, pp. 4-7.) Defendant characterizes CFC's involvement with its subsidiaries as "administrative," stating that CFC provides record keeping, record storage, and document production services to its subsidiaries. (Id.)

Despite Defendant's assertions, Plaintiffs have provided evidence that CFC's interactions with its subsidiaries are more than merely administrative. For example, CFC wrote the loan originator job descriptions and the "Employee Handbook," which govern the terms and conditions of the loan originators' employment, regardless of the location of the employee or the subsidiary. Additionally, employee services such as the Grievance Committee, the Human Resources Department, and the Legal Department are provided by CFC regardless of an employee's geographic location or subsidiary affiliation. CFC is also involved in (1) issuing benefits and payroll checks, (2) deciding whether to open or close a branch office, (3) pooling and selling secondary market loans sold by the loan originators, (4) providing accounting functions for the subsidiaries, and (5) maintaining personnel records. Finally, and most importantly, CFC created the overtime policy, that applies to all employees regardless of location or subsidiary affiliation, at issue in this case.

After reviewing the circumstances of CFC's interaction with the subsidiaries, as a whole, the Court finds that the economic reality is that CFC is an employer under the FLSA and is therefore a proper defendant in this case. The Court grants Plaintiffs' Motion to Amend the Complaint to add CFC as a named Defendant.

## II. PLAINTIFFS' MOTIONS TO COMPEL

Plaintiffs brought the following motions to compel: (1) Motion to Compel a List of Manufactured Housing Division (MHD) Originators; (2) Motion to Compel Supplementation to

Include MHD Originator Information; (3) Motion to Compel Due Diligence Documents; and (4) Motion to Compel Electronic List and Department Identification.

Defendant has provided Plaintiffs with a list of the MHD originators and has agreed to supplement discovery responses to include the MHD information. Therefore, Plaintiffs' motions to compel this information are denied as moot. Defendant shall supplement all discovery responses by **Thursday, April 5, 2001**.

The Court grants Plaintiffs other motions to compel and orders Defendant to produce the following information by **Thursday, April 5, 2001**: (1) any documents generated or reviewed for due diligence purposes – relating to the overtime policy issue in this case – in connection with the FLSA compliance of Green Tree Financial Corporation; (2) an electronic list of all loan originators' names and addresses; and (3) any documents that identify or describe the geographic location and division for each department, delineated on the loan originator list as "DPT."

## III. PLAINTIFFS' MOTION FOR SANCTIONS

Recently, Plaintiffs learned that Defendant had not disclosed the names and addresses of all of its loan and retail originators as required by previous discovery requests and Orders of this Court. In particular, Defendant employs loan and retail originators in the Manufactured Housing Division, a fact that was previously undisclosed to Plaintiffs. Plaintiffs seek sanctions against Defendant pursuant to Fed. R. Civ. P. 37(c) for failing to disclose the MHD originators, and pursuant to Fed. R. Civ. P. 37(b) for violating two Court Orders. A district court has wide latitude in imposing sanctions for failure to comply with discovery under Rule 37. Keefer v. Provident Life and Acc. Ins. Co., 238 F.3d 937, 940 (8th Cir. 2000); Williams v. State Farm Mut. Auto. Ins. Co., 737 F.2d 741, 746 (8th Cir. 1984).

Plaintiffs provide the Court with four examples of Defendant's failure to disclose the existence of MHD originators throughout the discovery process. First, in August 2000, Plaintiffs asked for the following information in interrogatory number 4:

> Identify by name, last known address, telephone number, and dates of employment, all persons employed by you as loan specialists, loan originators, account mangers, or loan officers, from June 1, 1997 to present.

In response, Defendant provided Plaintiffs with a list of Minnesota originators from two of its divisions, Retail Mortgage Services (RMS) and Home Improvement Division (HID). Defendant did not mention the MHD department or MHD originators in this response.

Second, on November 6, 2000, in response to Plaintiffs' Motion to Compel, the Court ordered the following:

> To the extent that Defendant has not provided a list of all Minnesota loan specialists, loan originators, account managers, and loan officers employed by Defendant within the last two years, it will do so by November 17, 2000.

(Nov. 6, 2000, Order, Doc. No. 33.) Defendant admits that there are MHD originators in Minnesota. However, in response to this Court's November 6, 2000, Order, Defendant produced a list of Minnesota originators that did not include the MHD originators.

Third, Plaintiffs scheduled a Rule 30(b)(6) deposition requesting that Defendant provide corporate representatives that could testify to "the job duties and responsibilities of Defendant's loan originators, loan specialists, account mangers, retail originators, or loan officers during the last three years." (Pls.' Ex. G.) Defendant produced Andy James, the Senior Vice President for RMS, and Patrick McMullen, the Director of Sales and marketing for HID. Defendant did not provide a Rule 30(b)(6) designee to speak on behalf of MHD.

Finally, on December 4, 2000, the Court ordered Defendant to provide a full response to Plaintiffs' interrogatory number four, requiring the names, addresses, telephone numbers, and dates of employment for all nationwide originators. The Court ordered that "Plaintiffs' Motion to Compel Defendant to Provide a Complete Answer to Plaintiffs' Interrogatory Number Four (Doc. No. 15-2) for a nationwide class is GRANTED." (Dec. 4, 2000, Order, Doc. No. 57.) On December 22, 2000, Defendant provided a list of approximately 8,000 loan originators, none of which were assigned to MHD.

In January 2001, Plaintiffs informed Defendant that additional loan and retail originators had contacted Plaintiffs, but that these individuals were not on the December 22, 2000, list. (Bowman Aff., Doc. No.136, Ex. I). After some investigation, it was determined that these originators were employees of MHD and Defendant agreed to produce a list of MHD loan and retail originators. (Bowman Aff., Doc. No. 136, Ex. M.)

Plaintiffs assert that the above conduct indicates that the omission of the MHD originators was an intentional attempt to exclude MHD originators and that such actions warrant sanctions. Defendant asserts that sanctions are inappropriate, arguing that (1) Plaintiffs themselves limited the scope of this litigation to RMS and HID originators, (2) Defendant has provided the MHD list, and (3) the sanctions are overreaching. Despite Defendant's contentions, Plaintiffs did not limit the scope of the litigation to RMS and HID originators. From the beginning of discovery, Plaintiffs asked for the names and addresses of <u>all</u> persons employed as loan specialists, loan originators, account mangers, or loan officers. The caption of this case states that this suit is brought on behalf of named Plaintiffs and all other similarly situated employees. The MHD originators are clearly similarly situated to the RMS and HID

originators. Although Defendant has now provided Plaintiffs with a list the MHD originators, the Court finds that Defendant's delay in disclosing this information was unreasonable.

Plaintiffs seek the following sanctions: (1) a finding that the MHD originators are similarly situated to the RMS and HID originators; (2) a tolling of the statute of limitations for all Plaintiffs back to September 7, 2000, the date that Defendant failed to disclose the MHD originators in its answer to interrogatory number four; (3) an indefinite extension of time for potential plaintiffs to join the action; and (4) an award of attorney fees and costs for bringing this motion and fees and costs in connection with sending out and responding to a mass mailing for the MHD originators. The Court agrees that sanctions are warranted in this case, but will modify Plaintiffs' requested sanctions.

First, the parties have agreed that the MHD originators are similarly situated to the RMS and HID originators for the purpose of sending out notice. Therefore, Plaintiffs' request for this finding is denied as moot. Second, the Court will toll the statute of limitations for the MHD originators back to November 17, 2000, the date on which the first group of MHD originators should have been produced. Third, the Court will indefinitely extend the time limit for potential plaintiffs to join this action. The parties are ordered to appear at **9:30 a.m.** on **May 21, 2001**, for a status conference on this issue. Finally, the Court grants Plaintiffs' request for fees and costs incurred in bringing this motion and for fees and costs in connection with sending out and responding to a mass mailing for the MHD originators. Plaintiffs will submit an affidavit to the Court detailing the fees and costs.

**IT IS HEREBY ORDERED that:**

1. Plaintiffs' Motion to Amend the Complaint (Doc. No. 122-1) is **GRANTED**;

2. The Clerk of Court is directed to add Conseco Finance Corporation as a named Defendant in the caption of this case;

3. Plaintiffs' Motions to Compel (Docs. No. 122-2, 122-3) are **GRANTED IN PART AND DENIED AS MOOT IN PART** consistent with this Order;

4. Plaintiff's Motion for Sanctions (Doc. No. 122-4) is **GRANTED IN PART, DENIED IN PART, AND DENIED AS MOOT IN PART**.

Dated: March 20, 2001

Susan Richard Nelson

SUSAN RICHARD NELSON
United States Magistrate Judge