UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

David C. Casas, Troy D. Clark, Patrick Hogan, Linda L. Souder, and William M. Soule on behalf of themselves and other past and present employees similarly situated,

Plaintiffs,

v.

Conseco Finance Servicing, Corp., a wholly owned subsidiary of Conseco, Inc.,

Defendant.

Court File No. 00-1512 (JRT/SRN)

**CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

---

**WHEREAS**, the parties have made discovery requests and may in the future serve additional discovery requests;

**WHEREAS**, certain materials have been and may further be requested by the parties in the course of discovery that constitute or contain personal, private, confidential, business, or proprietary information, ("Confidential Information") as more fully defined below in Paragraph 1;

**WHEREAS**, counsel for the parties are willing to enter into a Stipulation and Order as a condition to the disclosure and use of any such Confidential Information and/or inspection and copying of any such information;

**WHEREAS**, counsel for the parties agree that an Order containing the terms set forth herein may be entered by the Court without further notice in order to set forth guidelines for the use of Confidential Information, while allowing the opportunity for reasonable discovery; and

FILED JUL 24 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

**WHEREAS**, counsel for the parties agree that they will abide by the terms of this Stipulated Protective Order during the period prior to the Court's execution of this Stipulated Protective Order, whenever that may be,

**NOW, THEREFORE, IT IS HEREBY STIPULATED** AND **AGREED AS FOLLOWS:**

1. Definition of Confidential Information. The following shall constitute "Confidential Information," and may be designated as "Confidential" "Confidential Commercial Information" or "Confidential Information: Attorneys' Eyes Only"

(a) Personnel information including, but not limited to, sensitive personnel information regarding employees of defendant other than plaintiffs and personnel information regarding former employees other than plaintiffs, including, but not limited to, performance ratings, employee compensation information, supervisory notes, discipline reports, and information relating to employment policies;

(b) Non-public financial information and other information of defendant including, but not limited to trade secrets, future business plans, market analysis, confidential research, development, commercial or other proprietary information;

(c) Any testimony regarding Confidential Information as defined in Paragraphs 1(a)-(b) above;

(d) Extracts and summaries prepared from such materials set forth in (a) - (c); and

(e) Those portions of briefs, affidavits, memoranda, depositions, or other writings, including exhibits thereto, which contain or refer to the Confidential Information.

2. Designation of "Confidential Information", "Confidential Commercial Information" or "Confidential Information: Attorneys' Eyes Only".

(a) The parties shall indicate the confidential nature of documents and other information to be produced and/or the confidential nature of testimony by affixing the word "CONFIDENTIAL," "CONFIDENTIAL COMMERCIAL INFORMATION," or "Confidential Information:

ATTORNEYS' EYES ONLY" thereon or by identifying or by designating such documents, other information, and/or testimony as Confidential Information, Confidential Commercial Information or Confidential Information: Attorneys' Eyes Only in writing or on the record in a deposition or other transcribed proceeding;

(b) The designation of Confidential Information, Confidential Commercial Information or Confidential Information: Attorneys' Eyes Only shall appear on all documents or information containing such material, including portions of depositions, briefs, or correspondence. Confidential designations to deposition transcripts shall be made on the record during such deposition or within thirty (30) days after the party desiring such designation receives the transcript of such deposition;

(c) If material is too voluminous or it is impracticable to designate the material as Confidential Information, Confidential Commercial Information or Confidential Information: Attorneys' Eyes Only that material shall be so designated in the transmittal letter.

3. Confidential Information; Confidential Commercial Information; and Confidential Information: Attorneys' Eyes Only shall not be used by, or communicated to, any person or entity for business or competitive purposes or for any other purposes whatsoever except the prosecution or defense of this action.

4. Confidential Information shall not be given, shown, made available, communicated, or disclosed to anyone other than:

(a) The attorneys of record in this action and their associated attorneys, legal assistants, and staff members working on the action;

(b) The parties themselves and any employees, advisors, or agents of the parties who assist the attorneys of record in this action; provided, however, that before any such person reviews or receives any Confidential Information, s/he must read a copy of this Stipulation and Protective Order and agree in writing to abide by the same by signing a document in the form of Exhibit A hereto unless that person is otherwise authorized to review the Confidential Information at issue in the normal course of their job duties;

(c) Independent consultants, experts, or mediators retained by the parties to work on the action; provided, however, that before any such consultant,

expert or mediator is shown or receives any Confidential Information, s/he must read a copy of this Stipulation and Protective Order and agree in writing to abide by the same by signing a document in the form of Exhibit A hereto;

(d) Witnesses interviewed by a party's representatives or attorney, or persons deposed in this lawsuit; provided, however, that before any information, document or thing designated as Confidential Information is shown to a witness, s/he must read a copy of this Stipulation and Protective Order and agree in writing to abide by the same by signing a document in the form of Exhibit A hereto unless that person is otherwise authorized to review the Confidential Information at issue in the normal course of their job duties;

(e) Stenographic reporters engaged for depositions or other proceedings necessary to the conduct of the action;

(f) Such persons as the undersigned counsel shall mutually consent to in writing or on the record prior to the proposed disclosure; and

(g) The Court and Court personnel.

5. In the event the Defendant produces to Plaintiffs documents marked as "Confidential Commercial Information", such information shall be subject to the provisions of the Stipulated Protective Order and to all of the restrictions applicable to "Confidential Information" and shall have the further restriction on the disclosure and use of such documents and information that Plaintiffs shall be allowed to review the documents only as directed by counsel, shall be prohibited from copying or otherwise reproducing the documents or information, and shall destroy or return the documents or information immediately upon conclusion of review

6. In the event the Defendant produces to Plaintiffs documents which the Defendant for legitimate and good faith reasons believe constitute sensitive information regarding other employees, confidential proprietary information or trade secrets it may so designate such information as "Confidential Information: Attorneys' Eyes Only". Such information shall be

subject to the other provisions of the Stipulated Protective Order except that as a further restriction on the disclosure and use of such documents, this information is not be to shared, shown, or discussed with the Plaintiffs. "Confidential Information: Attorneys' Eyes Only" may be disclosed only to the Court and its personnel, court reporters, and Plaintiffs' counsel and their personnel who have a need for such disclosure and who are directly involved in the preparation or trial of this matter.

7. If a dispute arises as to the designation of materials as "Confidential", "Confidential Commercial Information" or "Confidential Information: Attorneys' Eyes Only" the parties agree to attempt to resolve the issue in good faith. If the matter is not resolved by the parties themselves, the party challenging the confidential status of information claimed to be restricted by this Stipulation and Protective Order shall bring the dispute before the Court for a determination and the party challenging the designation bears the burden of proving that a document should not be designated as Confidential Information.

8. Except as expressly provided herein, nothing in this Stipulated Protective Order is intended to limit or have the effect of limiting either party's right to make use of such information for any purposes or uses permitted under the Federal Rules of Civil Procedure, or the Federal Rules of Evidence, at any time during the pretrial preparation or trial of this lawsuit or any time up to and including the entry of judgment and conclusion of any appeals taken therefrom. Accordingly, subject to the Federal Rules of Evidence, materials protected by this Stipulated Protective Order may be offered in evidence at trial or at any court hearing subject to such protective measures as may be directed by this Court. If this matter is tried before a jury, at

a minimum, the Court will instruct the jury as to the protected and confidential nature of the information and order its non-disclosure.

9. "Confidential Information", "Confidential Commercial Information", "Confidential Information: Attorneys Eyes Only" shall be placed under seal in submissions to the Court only where redacting, coding identities, summarizing or other objective treatment cannot be made.

10. In the event that any "Confidential Information", "Confidential Commercial Information", "Confidential Information: Attorneys' Eyes Only" not covered by paragraph 9 above is filed, included in, or referred to in any paper filed with the Court, counsel responsible for such filing shall notify the Clerk of the Court in accordance with the Court's procedures at the time of filing that such paper contains "Confidential Information", "Confidential Commercial Information", "Confidential Information: Attorneys' Eyes Only" protected by this Stipulation and Protective Order, and shall notify the other parties of the confidential nature of the filing. The Clerk of the court shall keep such "Confidential Information", "Confidential Commercial Information", "Confidential Information: Attorneys' Eyes Only" under seal until further order of the Court; provided, however, that access to such "Confidential Information", "Confidential Commercial Information", "Confidential Information: Attorneys' Eyes Only" filed with the Court shall be afforded to the Court and to counsel for the undersigned parties.

11. If, at the time of trial or in connection with any pretrial or settlement hearing, counsel for a party intends to introduce any material made subject to this Stipulated Protective Order produced by any opposing party and designated by that opposing party as "CONFIDENTIAL," "Confidential Commercial Information", "Confidential Information:

Attorneys' Eyes Only" he or she shall so inform the Court and opposing counsel as far in advance as possible, and the Court may take such steps, at the request of the opposing counsel or on its own initiative, as it deems necessary to preserve the confidentiality of such material subject to this Stipulated Protective Order.

12. Neither the provisions of this Stipulated Protective Order, nor any designation or failure to designate any particular information, document or material by a party as "Confidential Information", "Confidential Commercial Information", "Confidential Information: Attorneys' Eyes Only" shall, in this litigation, or any other litigation, constitute a waiver of the rights of a party to assert confidentiality with respect to any document, material, or information meeting or not meeting the definition of "Confidential Information", "Confidential Commercial Information", "Confidential Information: Attorneys' Eyes Only". Upon discovery of an inadvertent non-designation the discovering party will immediately notify the opposing party and the information, document or material identified will be treated as if it had been originally designated as "Confidential Information", "Confidential Commercial Information", "Confidential Information: Attorneys' Eyes Only" and will be subject to the terms of this Stipulated Protective Order. If a party produces multiple identical copies of a document (but with different bates numbers) and one has not been designated as confidential, all identical copies shall be treated according to the most restrictive designation.

13. Within sixty (60) days after the final termination of this action, including all appeals, all documents constituting "Confidential Information", "Confidential Commercial Information", "Confidential Information: Attorneys' Eyes Only" produced by the parties, all copies of such documents, and all deposition transcripts constituting "Confidential Information",

"Confidential Commercial Information", "Confidential Information: Attorneys' Eyes Only" or referring to "Confidential Information", "Confidential Commercial Information", "Confidential Information: Attorneys' Eyes Only" shall be returned to the party who produced the "Confidential Information", "Confidential Commercial Information", "Confidential Information: Attorneys' Eyes Only", or the party in possession of such "Confidential Information", "Confidential Commercial Information", "Confidential Information: Attorneys' Eyes Only" shall certify, under oath, that such material has been destroyed. Attorneys of record may retain one archival copy of court filings, briefs, excerpts, notes, extracts, summaries, and analyses created by counsel for the parties which refer to or contain "Confidential Information", "Confidential Commercial Information", "Confidential Information: Attorneys' Eyes Only", which shall remain subject to this Stipulated Protective Order. The attorneys of record shall maintain these materials in their possession under seal in their files and these materials shall be stored, shredded or destroyed in accordance with the policies for handling client files at the respective law firms. The parties agree to retain and provide opposing counsel of record with copies of "Confidential Information", "Confidential Commercial Information", "Confidential Information: Attorneys' Eyes Only" returned to the producing parties pursuant to this paragraph upon good cause shown. Any documents so provided shall remain subject to this Stipulated Protective Order.

14. Counsel for the undersigned parties hereby jointly apply to the Court for entry of an Order in accordance with the terms of this Stipulation.

15. The Order entered pursuant to the terms of this Stipulated Protective Order shall be without prejudice to the rights of any party to seek modification of its provisions upon motion duly noticed and served.

16. The provisions of the Order entered pursuant to the terms of this Stipulated Protective Order shall, absent written consent of the parties hereto, continue to be binding after the conclusion of this action, and the Court shall retain jurisdiction for the purpose of ensuring compliance with the Order and granting such other and further relief as may be necessary.

**SO STIPULATED:**

Dated: 7-3-01

**NICHOLS, KASTER & ANDERSON**

By: ______________________________
Paul J. Lukas (#22084X)
4644 IDS Center
80 South Eighth Street
Minneapolis, MN 55402-2242

**ATTORNEYS FOR PLAINTIFFS**

Dated: 7/9/01

**BRIGGS AND MORGAN**

By: ______________________________
Richard G. Mark, #67581
Ann Huntrods (#132640)
Scott G. Bowman, #218467
2400 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
(612) 334-8400

**ATTORNEYS FOR DEFENDANT**

**ORDER**

It is so ordered.

Dated: July 23, 2001

______________________________
Susan Richard Nelson
United States Magistrate Judge

**EXHIBIT A**

AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

The undersigned hereby acknowledges that he or she has received a copy of the Stipulated Protective Order entered in Casas et al. v. Conseco Finance Servicing Corp., No. 00-1512 (JRT/SRN) has read such Stipulated Protective Order, agrees to be bound by all of the terms thereof, and further agrees that the United States District Court for the District of Minnesota may exercise jurisdiction over him/her to enforce such Stipulated Protective Order.

Dated: _______________ ________________________________

Subscribed and sworn before me
this ______ day of ________, 2001.
________________________________
Notary Public

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

OFFICE OF THE CLERK
316 N. Robert St., Rm 708
St. Paul, MN 55101

**Clerks Notice In Re: Protective Order**

---

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing confidential original documents with the Clerk of U. S. District Court. Failure to do so will cause the documents to be returned.

***Guidelines for filing with the Clerk:***

A. Documents are to be sealed (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 (LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 ½ x 11 inch white paper...flat and unfolded. This rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)

B. Each envelope must list the following information, and each document is to be in a separate envelope.
- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents).
- The word "SEALED" or "CONFIDENTIAL"

***Guidelines for filing with a U. S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U. S. District Judge or U. S. Magistrate Judge are to be marked accordingly and bound together as a set.

**Please forward this announcement to the recipient of this fax.**

---

# The United States District Court, District of Minnesota announces two new programs!

**Expedited Trials** –The Court will begin offering parties an opportunity to participate in a program called Expedited Trials beginning July 2, 2001. This voluntary program offers an alternative to traditional case processing by allowing for a shorter time period from filing to disposition. Discovery and motion practice will be sharply limited as a means to reduce time and expense. Procedural rules are on the Court's website at www.mnd.uscourts.gov. If you would like additional information about the Expedited Trials Program, contact one of our clerk's offices at the phone numbers listed below.

**Courtroom Technology – Phase II** – In June 2001, the District of Minnesota began upgrading, installing, and enhancing the technology available to counsel in the courtroom. The project will continue through early fall and will ultimately upgrade all Article III Judge courtrooms in St. Paul and Minneapolis. To assist counsel with this transition, the District Court is offering a hands-on class, worth one hour of CLE credit at both courthouses. Classes will be held over the lunch hour. Course registration can be done by visiting www.mnd.uscourts.gov or by calling Kristine at 612-664-5125.

**For additional information on either program please visit our website at www.mnd.uscourts.gov.**

700 Federal Building
316 North Robert Street
St. Paul, MN 55101
(651) 848-1100

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5000

417 U. S. Courthouse
515 West First Street
Duluth, MN 55802
(218) 529-3500