**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**DAVID C. CASAS, TROY D. CLARK, PATRICK HOGAN, LINDA L. SOUDER, WILLIAM M. SOULE, SHEILA A. SAMPSON, WILLIS J. GUYOT, MATTHEW A. MCDEVITT, and JAMES P. BRANDT, on behalf of themselves and other past and present employees similarly situated,**

**Plaintiffs,**

**v.**

**CONSECO FINANCE CORPORATION, ABC CORPORATIONS 1-10, CONSECO FINANCE SERVICING CORP., CONSECO FINANCE CORP. (NEVADA), CONSECO FINANCE CREDIT CORP., CONSECO FINANCE CORP. - ALABAMA, CONSECO FINANCE CONSUMER DISCOUNT COMPANY,**

**Defendants.**

**Civil No. 00-1512 (JRT/SRN)**

**O R D E R**

---

Paul J. Lukas, Esq., and Michelle Phillips, Esq., on behalf of the Plaintiffs.

Richard G. Mark, Esq., and Scott G. Bowman, Esq., on behalf of the Defendants.

---

SUSAN RICHARD NELSON, United States Magistrate Judge

The above-entitled matter came on for hearing before the

AUG 06 2001
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

undersigned Magistrate Judge of District Court on June 11, 2001, on motions of the parties. They are addressed below in order of their filing.

**A. Defendants' Motion to Compel and Amend the Scheduling Order**

The Conseco Defendants have moved to compel the Plaintiffs to: 1) appear for their depositions in Minneapolis; 2) answer Conseco's Interrogatories (Nos. 3, 4, 6, 7, 8, 9), and Document Requests (Nos. 2, 4, 10, 11, 12, 13, 14); and 3) admit Conseco's Requests for Admissions. The Defendants also seek to amend the scheduling order to permit them to depose more than ten Plaintiffs.

The Defendants contend that the Plaintiffs have refused to provide all but the most conclusory information in response to Conseco's discovery efforts. Conseco asserts that the Plaintiffs have failed to answer most of the written discovery – providing only an estimate of their hours worked and just one or two sentences to support their claims. In addition, Conseco submits that the Plaintiffs have refused to appear for their noticed depositions in Minneapolis, and will not honor their alleged prior agreement to allow more than ten Plaintiffs to be deposed. Finally, the Conseco Defendants assert that the Plaintiffs have refused to either admit or deny "the most benign and non-controversial" of Conseco's requests for admission.

The Plaintiffs maintain that they have been cooperative in responding to discovery, pointing out that, as of the date of their brief on this

issue, 1,965 individual Plaintiffs had provided answers to interrogatories and responses to requests for production of documents. In addition, the Plaintiffs represent that they have offered to submit to six depositions to assist in determining the appropriate number of additional depositions. The Plaintiffs acknowledge that they have refused to cooperate with discovery they deem irrelevant, discovery that seeks information already in the Defendants' possession, and/or discovery which is designed to harass and create hardship and financial burden upon them.

Following oral argument and discussion about this motion, the Court instructed counsel for the parties to meet and confer to devise a comprehensive deposition and discovery plan, based on a factual record necessary to ensure that relevant discovery is taken from a representative sample of Plaintiffs, and to then share the plan and/or plans with the Court. In the meantime, the Court specified that, to begin, 24 of the Plaintiffs would be deposed, and that such depositions could not be noticed to take place in Minnesota unless such Plaintiffs reside in Minnesota or are named Plaintiffs.

The Court received the parties' separate reports of the June 25, 2001 meet and confer. See Defendants' Report Regarding Plaintiff Depositions and Discovery, and the June 29, 2001, letter to the Court from Paul J. Lukas. Commendably, counsel have arrived upon an agreement to hold the initial 24 depositions of the Plaintiffs in approximately eight cities across

the country, ensuring that no Plaintiff is required to travel more than 100 miles to attend their deposition. Accordingly, the Defendants' motion to compel the Plaintiffs' attendance at depositions noticed in Minnesota is denied, and the Defendants' motion to amend the scheduling order to permit them to depose more than ten Plaintiffs is granted as stated.

What the parties did not adequately set forth in their post-hearing reports of the June 25, 2001, meet and confer, is a comprehensive discovery plan for the purpose of developing the factual record essential for the Court to determine how to fairly establish a representative sample.

It is clear that proof of both the FLSA violations and the amount of damages can be made by the Plaintiffs through representative testimony. See Secretary of Labor v. DeSisto, et al., 929 F.2d 789, 792 (1st Cir. 1991). To clarify the process that lies ahead, the Court will reiterate the well-established burden of proof in FLSA cases set forth by the United States Supreme Court in Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 687 (1946), and thoroughly discussed by the DeSisto Court at 929 F.2d 792. Wrote the DeSisto Court,

> the [Anderson]Court focused specifically on the problem manifested in this case: How can an employee demonstrate a violation of the [FLSA] when the duty and the ability to keep adequate records rests solely with the employer, the adverse party? Recognizing that '[t]he solution . . . is not to penalize the employee by denying him any recovery on the ground that he is unable to prove the precise extent of uncompensated work,' the [Anderson] Court imposed a significant burden on the employer. [Anderson v.

> Mt. Clemens Pottery Co., 328 U.S.] at 687 . . . The [Anderson] Court stated:
>
> > In such a situation we hold that an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence. If the employer fails to produce such evidence, the court may then award damages to the employee, even though the result may be only approximate. Id. at 687-88.
>
> Plainly, then, although the initial burden is on the employee . . . that burden is a minimal one. Where the employer has failed to keep adequate employment records, it pays for that failure at trial by bearing the lion's share of the burden of proof.

Secretary ov Labor v. DeSisto, 929 F.2d at 792.

The DeSisto Court continued with a discussion of how representative testimony and evidence can be presented by the Plaintiffs as part of the proof of a prima facie case. Id. "It is well established that not all employees need testify in order to prove the violations or to recoup back wages. Rather, the [Plaintiffs] can rely on testimony and evidence from representative employees to meet the initial burden of proof requirement." Id.. See also 929 F.2d at 792, fn.1 (setting forth a "sampling of cases showing ratios of representative (testifying) employees to total employees receiving back wages").

As discovery proceeds in the present case, the objective is to

develop a factual record to enable the Court to make a judgment of what would be a fair representative sample. Generally, an employee can only represent other employees if all of them perform substantially similar work. Secretary of Labor v. DeSisto, 929 F.2d at 793, citing MacLaughlin v. Ho Fat Seto. 850 F.2d 586 (9th Cir. 1988)(garment factory workers), cert. denied, 488 U.S. 1040 (1989); MacLaughlin v. DialAmerica Marketing, Inc., 716 F.Supp. 812 (D.N.J. 1989)(home telephone number researchers). The DeSisto Court instructively found that, "Where the employees fall into several job categories, it seems to us that, at a minimum, the testimony of a representative employee from, or a person with first-hand knowledge of, each of the categories is essential to support a back pay award." Secretary of Labor v. DeSisto, 929 F.2d at 793, citing Donovan v. Simmons Petroleum Corp., 725 F.2d 83 (10th Cir. 1983); Donovan v. New Floridian Hotel, Inc., 676 F.2d 468 (11th Cir. 1982); Dole v. Solid Waste Services, Inc., 733 F.Supp. 895 (E.D.Pa. 1989), aff'd, 897 F.2d 521 (3d Cir.), cert. denied, 497 U.S. 1024 (1990). And, held the DeSisto Court, "This testimony need not be given orally at trial, but it must be properly before the court as admitted evidence." Secretary of Labor v. DeSisto, 929 F.2d at 793. Finally, the DeSisto Court noted it had no quarrel with the Secretary of Labor's proposition that "there is no ratio or formula for determining the number of employee witnesses required to constitute a representative sample of employees; the adequacy of the representative

testimony necessarily will be determined in light of the nature of the work involved, the working conditions and relationships, and the detail and credibility of the testimony." DeSisto, 929 F.2d 793-94.

An example of what this Court would need to know in determining whether the Plaintiffs are substantially similar employees so that a fair representative sample can be established is: 1) the similarity of the jobs within each of the three separate designated categories of loan originators; 2) whether there are geographical differences; and 3) whether in any given category of loan originators in a given office it is fair to say they are substantially similar. This is not an exhaustive list by any means.

Presently, the Court is without the factual record necessary to reasonably determine what sampling of Plaintiffs would be fairly representative. Hence, the Court finds it imperative, after completion of the initial twenty-four Plaintiffs' depositions, to re-review the record -- including any relevant defense testimony -- which would go to the question of substantial similarity and representative sampling. Or, if the Plaintiffs believe that they can establish that the testimony of twenty-four Plaintiffs is a sufficient representative sampling, then they should bring this to the Court's attention.

The 150 additional Plaintiffs' depositions proposed by the Defendants in their post-conference Report is requested without this important factual record. It is essential for the parties to establish an adequate factual

record so that the Court can determine the appropriate number of depositions which need to be taken.

Also, at the conclusion of oral argument on this motion, the Court instructed the Defendants to re-work and re-submit their Requests for Admissions, attaching the Defendants' own records to the Requests and asking the Plaintiffs if they have any information that would dispute the records. Hence, the Defendants' motion for an order compelling the Plaintiffs to admit Conseco's Requests for Admissions is denied without prejudice.

In addition, during their meet and confer, counsel for the parties were advised to: 1) address any remaining issues surrounding Document Requests 10 and 11; and 2) to consider and discuss the handling of any privileged communications. Finally, the Defendants were instructed to fashion a questionnaire for the Court's review containing more specific questions for purposes of obtaining important information from the Plaintiffs including, inter alia: a) general background information; b) hours worked and wages received[1]; c) whether they have held other jobs; and 4) the identification of people with knowledge about these claims. The meet and confer was to occur by June 25th, and counsel were to report the results of that meeting to the Court by June 29th.

---

[1] Plaintiffs have agreed to provide a good faith estimate of hours and wages as well as some responsive documents.

As discussed infra, the positive result of this conference was that the parties arrived upon an agreement to depose the initial twenty-four Plaintiffs in seven or eight locations across the country. What the parties did not seem able to agree upon is the scope of Conseco's written discovery, or even the propriety of propounding written discovery at this point in the litigation. The Plaintiffs have taken the position that only discovery into issues surrounding liability should be accomplished now, with damages discovery to follow. The Defendants dispute the Plaintiffs' vision of a bifurcated proceeding, noting that bifurcation has not been instituted here.

The Plaintiffs brought this Fair Labor Standards Act (FLSA) action on behalf of themselves and all other loan and retail originators nationwide, claiming that Conseco failed to pay overtime compensation for hours allegedly worked by them in excess of 40. The Defendants submit that liability depends upon whether the FLSA's overtime compensation requirements apply to the Plaintiffs, or whether the Plaintiffs were exempt from those requirements. The Conseco Defendants have asserted a variety of defenses including that Plaintiffs were exempt from the FLSA's overtime requirements because they were administrative and/or executive employees, and because they fit within the retail and service commission sales exemption.

Defendants state that the application of the FLSA exemption for administrative employees depends, in large part, on the nature of the Plaintiffs'

job duties and responsibilities, and the extent of their discretion and independent judgment. 29 C.F.R. § 541.2(a) and (e)(2). And, application of the retail and service commission sales exemption turns, in part, upon whether the Plaintiffs were paid more than 1½ times the applicable minimum wage for all hours worked. 29 U.S.C. § 207(i). Accordingly, the Conseco Defendants argue that the nature of the Plaintiffs' job duties and responsibilities, and the total hours the Plaintiffs actually worked, are at the heart of Plaintiffs' claims and of the Defendants' defenses. The Defendants contend, therefore, that they should be able to question the Plaintiffs on their job duties and responsibilities.

The Plaintiffs maintain that the only relevant areas of inquiry are their job duties and the individual Plaintiffs' estimates of overtime hours worked. The Plaintiffs assert that, despite having access to all of their branch managers, the Defendants are unable to produce any evidence that the job duties differ geographically. In fact, the Plaintiffs submit the Defendants' Rule 30(b)(6) representatives testified that the Plaintiffs' list of job duties were the same regardless of their geographic location.

While the Conseco Defendants concede they are generally aware of the Plaintiffs' duties and responsibilities, they assert that this information, by itself, establishes the exemption and defeats the Plaintiffs' claims. The Defendants believe that the Plaintiffs intend to dispute the exemptions with their own version of facts, and it is this version of the facts that the Defendants

seek through discovery. See Mead Corp. v. Riverwood Natural Resources Corp., 145 F.R.D. 512, 516 (D. Minn. 1992)(discovery is intended "to narrow and clarify issues, to unearth facts or information pertaining to the existence and whereabouts of relevant facts, and to determine the adverse party's version of relevant facts and the purposes which they can serve.") The Conseco Defendants assert they are entitled to depose the Plaintiffs to ascertain the Plaintiffs' own version of their job duties and responsibilities so that Conseco can explore and analyze any inconsistencies.

As for discovery into the number of overtime hours the Plaintiffs claim to have worked, the Defendants acknowledge that the Plaintiffs have produced an "estimate" of overtime hours worked. The Defendants argue, however, that this estimate does not absolve the Plaintiffs of further discovery responses on this issue. The Defendants assert that they are entitled to probe the bases of Plaintiffs' estimates to determine if the estimates are merely self-serving inflations or whether the estimates can, in fact, meet the good faith standard from which a "just and reasonable inference" can be drawn. See Reich v. Southern Md. Hosp., 43 F.3d 949, 951 (4th Cir. 1995). The Defendants acknowledge that the Court may consider Plaintiffs' estimates, but the Conseco Defendants argue they are entitled to rebut Plaintiffs' estimates and to negate their alleged "reasonableness." See Anderson v. Mount Clemens Pottery Co., 328 U.S. 680, 687 (1946); Brock v. Bowen Manufactured Housing, Inc., 681

F.Supp. 1224, 1227 (W.D. Tex. 1987). The Defendants submit that the best way to analyze the reasonableness of the estimates in order to be able to rebut them is to take the Plaintiffs' depositions and question them about their hours actually worked, their daily schedules, and the basis for their estimate of overtime hours.

While the Court agrees that the Defendants are indeed entitled to conduct discovery in this matter, deposing each of the opt-in Plaintiffs in this representative action would be absolutely unwieldy.[2] Hence, the Court finds that the most efficient and effective way, both in terms of time and cost, for the Defendants to obtain the information they seek from each Plaintiff is via a carefully crafted questionnaire which can be mailed to all Plaintiffs, filled out, and returned by mail. The Court notes that the Defendants, in their Report Regarding Plaintiff Depositions and Discovery, have listed twelve proposed questions to be included on a questionnaire to the Plaintiffs. The Court is without a definitive response by the Plaintiffs to the Defendants' proposed questionnaire, other than a broad assertion that such discovery is unnecessary at this juncture.

The Court orders counsel to once again meet and confer **on or**

---

[2] The Defendants report that as of June 29, 2001, over 2800 Plaintiffs have opted-in to this litigation, with additional opt-ins expected. See Defendants' Report Regarding Plaintiff Depositions and Discovery at p.1. The parties will not know the full scope of the opt-ins until September 4, 2001, the opt-in deadline.

**before August 20, 2001** about the content of the questionnaire that will be sent to the Plaintiffs in this matter. This is the single opportunity the Defendants will be given to submit questions to all of the Plaintiffs, so careful thought and foresight are essential. The Court is, of course, hopeful that counsel will be able to fashion a mutually agreeable questionnaire. In the event that counsel are unable to agree upon a single questionnaire, each of the parties shall submit their own version to the Court by August 25, 2001. In addition, the parties shall discuss at their conference any of the Defendants' Document Requests and Interrogatories still at issue, and report the results of these discussions in letters to the Court by August 25, 2001. If necessary, a status conference to discuss these issues will be scheduled thereafter.

In the meantime, the Defendants' motion to compel responses to Interrogatories Nos. 3, 4, 6, 7, 8, 9, and Document Requests Nos. 2, 4, 10, 11, 12, 13, 14 is held in abeyance.

To the extent that the Defendants seek authorization in their June 29th Report to conduct additional Plaintiff depositions, the Court denies such a request without prejudice. The parties are welcome to raise the issue of deposition numbers by formal motion, but the matter is not properly before the Court at this time.

**B. Plaintiffs' Motion to Compel and for a Protective Order**

The Plaintiffs have moved for entry of a protective order

temporarily limiting the number of individual Plaintiff depositions to six, and declaring the Plaintiff's city of residence (either in person or via telephone or videoconferencing) as the proper location for the depositions for out-of-state Plaintiffs. This motion has been rendered moot by the Court's mandate that twenty-four Plaintiffs be deposed initially, and by the parties' agreement that the depositions will take place in seven or eight geographical centers across the country. It is denied as moot.

The Plaintiffs also have moved to compel the identification of each of the subsidiaries' officers. The Defendants have agreed to produce this information, thus resolving this motion. The motion to compel is denied as moot.

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY ORDERED** that:

1) Defendants' Motion to Compel the Plaintiffs to appear for their depositions in Minneapolis (Doc. No. 200) is **DENIED**;

2) Defendants' Motion to Compel Plaintiffs to Answer Conseco's Interrogatories Nos. 3, 4, 6, 7, 8, 9, and Document Requests Nos. 2, 4, 10, 11, 12, 13, 14 (Doc. No. 200) is **HELD IN ABEYANCE** pending the outcome of the second meet and confer;

3) Defendants' Motion to Compel Plaintiffs to Admit Conseco's

Requests for Admissions (Doc. No. 200) is **DENIED WITHOUT PREJUDICE**;

4) Defendants' Motion to Amend the Scheduling Order to permit them to depose more than ten Plaintiffs (Doc. No. 200) is **GRANTED AS STATED IN THE BODY OF THIS ORDER**;

5) Plaintiffs' Motion to Compel (Doc. No. 204) is **DENIED AS MOOT**; and

6) Plaintiffs' Motion for Protective Order (Doc. No. 204) is **DENIED AS MOOT**.

Dated: August 6, 2001.

Susan Richard Nelson

SUSAN RICHARD NELSON
United States Magistrate Judge

**Please forward this announcement to the recipient of this fax.**

# The United States District Court, District of Minnesota announces two new programs!

**Expedited Trials** –The Court will begin offering parties an opportunity to participate in a program called Expedited Trials beginning July 2, 2001. This voluntary program offers an alternative to traditional case processing by allowing for a shorter time period from filing to disposition. Discovery and motion practice will be sharply limited as a means to reduce time and expense. Procedural rules are on the Court's website at www.mnd.uscourts.gov. If you would like additional information about the Expedited Trials Program, contact one of our clerk's offices at the phone numbers listed below.

**Courtroom Technology – Phase II** – In June 2001, the District of Minnesota began upgrading, installing, and enhancing the technology available to counsel in the courtroom. The project will continue through early fall and will ultimately upgrade all Article III Judge courtrooms in St. Paul and Minneapolis. To assist counsel with this transition, the District Court is offering a hands-on class, worth one hour of CLE credit at both courthouses. Classes will be held over the lunch hour. Course registration can be done by visiting www.mnd.uscourts.gov or by calling Kristine at 612-664-5125.

**For additional information on either program please visit our website at www.mnd.uscourts.gov.**

700 Federal Building
316 North Robert Street
St. Paul, MN 55101
(651) 848-1100

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5000

417 U. S. Courthouse
515 West First Street
Duluth, MN 55802
(218) 529-3500