**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**David C. Casas, Troy D. Clark, Patrick Hogan, Linda L. Souder, and William M. Soule, and Sheila A. Sampson on behalf of themselves and other past and present employees similarly situated,**

**Plaintiffs,**

v.

**Conseco Finance Corp., Conseco Finance Servicing Corp., Conseco Finance Corp. (Nevada), Conseco Finance Credit Corp., Conseco Finance Corp. - Alabama, and Conseco Finance Consumer Discount Company,**

**Defendants.**

**Civil No. 00-1512 (JRT/SRN)**

**ORDER**

---

Donald Harold Nichols, Esq., Paul J. Lukas, Esq., and Michelle Fisher, Esq. on behalf of Plaintiffs.

Ann Huntrods, Esq., and Scott Bowman, Esq. on behalf of Defendants.

---

SUSAN RICHARD NELSON, United States Magistrate Judge

The above-entitled matter came before the undersigned United States Magistrate Judge on September 17, 2001, on Plaintiffs' Motion To Compel Responses To Discovery Requests (Doc. No. 284-1), Plaintiffs' Motion To Extend The Deadline To Amend The Complaint (Doc. No. 284-2), Defendants' Motion For An Order Adopting Defendants' Proposed Discovery Plan (Doc. No. 287-1), Defendants' Motion For An Order That A Questionnaire Be Mailed To Each Plaintiff (Doc. No. 287-2), Defendants'

FILED SEP 25 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD ______
DEPUTY CLERK ______

Motion To Amend The Scheduling Order (Doc. No. 287-3), Defendants' Motion To Compel Certain Plaintiffs To Appear For Depositions (Doc. No. 287-4), and Defendants' Motion For An Order That Defendants' Prior Motions To Compel Be Granted In Their Entirety (Doc. No. 287-5). These motions are addressed below in order of their filing.

**A. Plaintiffs' Motion To Compel And To Amend The Scheduling Order (Doc. No. 284).**

**1. Motion To Compel Requests Nos. 57-60.**

On May 25, 2001, Plaintiffs requested the hard drives from the computers used by Defendants' Human Resource Director and area managers in an effort to locate documents relating to loan originators' hours, overtime, compensation or policy decisions with respect to paying them as exempt employees, and reclassifying them as non-exempt. The parties have reached an agreement with respect to these requests and the Defendants will provide to Plaintiffs the hard drives from Ms. Didrikson's computer and five area managers who managed during the statutory period. Accordingly, Plaintiffs' motion to compel responses to Requests Nos. 57-60 is **denied as moot**.

**2. Request No. 44.**

In Request No. 44, Plaintiffs seek all "Agent Daily Reports." These reports are phone logs that show how long each originator was logged into Defendants' phone system on a daily basis. Because originators worked while not logged on to the system, this information does not definitely state how long an originator was working that day, but does provide a minimum number of hours the originator worked. Defendant confirmed that these records are only retained for 55 weeks, and therefore they no

longer exist for Plaintiffs during the statutory period. Accordingly, Plaintiffs' motion to compel a response to Request No. 44 is **denied as moot**.

**3. Request No. 61.**

Request No. 61 seeks documents provided to Plaintiffs to assist them in performing their jobs. Defendant has agreed to retrieve a "grading matrix" and/or "rate sheet" that was used by Plaintiffs during the statutory period as part of its response to Request No. 61. Based on the representation of counsel that this motion with respect to Request No. 61 has been resolved, Plaintiffs' motion to compel a response to Request No. 61 is **denied as moot**.

**4. Plaintiffs' Discovery Set VI.**

The issue with respect to Plaintiffs' Discovery Set VII was that Defendants' answers were not due until Friday, September 14, 2001, shortly before this motion was heard. The Court advised the Plaintiffs that if there were discovery disputes arising from the answers to Plaintiffs' Discovery Set VII, that the parties should address those on an informal basis with the Court. If the Court was unable to assist the parties in resolving those disputes, the Court would permit limited additional non-dispositive motion practice with respect to that discovery.

**5. Amendment Of The Scheduling Order.**

Plaintiffs seek to amend the Scheduling Order to permit them additional time in which to make a motion to add a claim of willfulness to the Complaint. Based on the state of discovery to date, Plaintiffs' counsel advised the Court that he is doubtful that Plaintiffs will make such a motion, but they want to ensure that they have received all

relevant discovery before making that judgment. Specifically, Plaintiffs want the opportunity to review the documents provided in response to Requests Nos. 57-60, as agreed by counsel, before making a judgment about whether to seek to amend the Complaint. Accordingly, Plaintiffs' motion to amend the scheduling order is **granted**, but that motion must be brought within 14 days of receipt by the Plaintiffs of the documents to be produced by the Defendants as agreed in response to Requests No. 57-60.

**B. Defendants' Motions For Order Adopting Proposed Discovery Plan; For An Order That A Questionnaire Be Mailed To Each Plaintiff; To Amend The Scheduling Order; To Compel Certain Plaintiffs To Appear For Depositions; and To Grant Defendants' Prior Motion To Compel (Doc. No. 287).**

Defendants request that a questionnaire, in the form attached as Exhibit V to their motion, be mailed to each Plaintiff and that the Court require each Plaintiff to return a fully completed questionnaire within 45 days thereafter. It is Defendants' proposal that the questionnaire be mailed from and returned to a neutral third party. The Defendants further request that, upon expiration of the return date for the questionnaires, and upon the Court's resolution of the parties' currently pending cross-summary judgment motions, the parties meet and confer to identify any additional depositions that need to be taken and to schedule those depositions. To this end, the Defendants seek an extension of the Scheduling Order to accommodate this additional discovery.

To date, approximately 2900 loan originators have joined the action and 24 initial depositions of the Plaintiffs were taken in 8 different cities. It is now incumbent upon the parties to develop a factual record essential for the Court to determine how many

depositions are necessary to establish, if possible, a representative sample for purposes of trial. It is clear that proof of both the FLSA violations and the amount of damages can be made by the Plaintiffs through representative testimony. See Secretary of Labor v. DeSisto, et al., 929 F2d, 789, 792 (1st Cir. 1991). As discovery proceeds in the case, the objective is to develop a factual record to enable the Court to make a judgment as to what would be a fair representative sample, if any. Generally, an employee can only represent other employees if all of them performed substantially similar work. Id. The DeSisto Court noted that "there is no ratio or formula for determining the number of employee witnesses required to constitute a representative sample of employees; the adequacy of the representative testimony necessarily will be determined in light of the nature of the work involved, the working conditions and relationships, and the detail and credibility of the testimony." DeSisto, 929 F.2d 793-94.

Although the Court originally entertained the possibility of each plaintiff completing a questionnaire seeking basic information for purposes of proof at trial, the Court is persuaded, particularly in light of the Defendants' proposed questionnaire, that such an undertaking will not be successful. The questionnaire proposed is quite detailed and it is unlikely the Plaintiffs, 2900 in number, without the assistance of counsel, will be able to effectively respond. Further, the Court does not believe that a Plaintiff who has ineffectively responded to a questionnaire, without the assistance of counsel, should be penalized from pursuing his or her case as Defendants suggest. Accordingly, the Court is persuaded that further deposition testimony is necessary until such time as the Court can entertain arguments on whether a representative sample of Plaintiffs have been deposed.

To that end, the parties will be permitted to conduct such depositions, through December 31, 2001. The depositions should be coordinated so that no Plaintiff has to travel more than 100 miles to such deposition. Fifty percent of the Plaintiffs to be deposed will be selected by the Plaintiffs and fifty percent of the Plaintiffs to be deposed will be selected by the Defendants. The selections must be proportionate to the numbers of loan originators in each category of loan originator and be geographically representative of loan originators around the country. The depositions may proceed as of October 1, 2001.

With respect to Defendant's pending Motion to Compel (Doc. No 200), which was held in abeyance in this Court's Order of August 6, 2001, Plaintiffs' counsel has agreed to endeavor to provide defense counsel with more complete answers and document production. Accordingly, the motion is **denied as moot**. Presumably though, depositions will provide a more effective means of obtaining the requested information.

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY ORDERED** that:

1. Plaintiffs' Motion To Compel Responses To Discovery Requests (Doc. No. 284-1) is **denied as moot.**

2. Plaintiffs' Motion To Extend The Deadline To Amend The Complaint (Doc. No. 284-2) is **granted** but that motion must be brought within 14 days of receipt by the Plaintiffs of the documents to be produced by the Defendants as agreed in response to Requests No. 57-60.

3. Defendants' Motion For An Order Adopting Defendants' Proposed Discovery Plan (Doc. No. 287-1) is **denied**.

4. Defendants' Motion For An Order That A Questionnaire Be Mailed To Each Plaintiff (Doc. No. 287-2) is **denied**.

5. Defendants' Motion To Amend The Scheduling Order (Doc. No. 287-3) is **granted in part and denied in part** as more fully set forth herein.

6. Defendants' Motion To Compel Certain Plaintiffs To Appear For Depositions (Doc. No. 287-4) is **denied**.

7. Defendants' Motion For An Order That Defendants' Prior Motions To Compel Be Granted In Their Entirety (Doc. No. 287-5 and referring to Doc. No. 200-3) is **denied as moot**.

Dated: September 25, 2001.

Susan Richard Nelson
Susan Richard Nelson
United States Magistrate Judge