**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**DAVID C. CASAS, TROY D. CLARK, PATRICK HOGAN, LINDA L. SOUDER, WILLIAM M. SOULE, SHEILA A.SAMPSON, WILLIS J. GUYOT, MATTHEW A. MCDEVITT, and JAMES P. BRANDT, on behalf of themselves and other past and present employees similarly situated,**

**Plaintiffs,**

**v.**

**CONSECO FINANCE CORPORATION, ABC CORPORATIONS 1-10, CONSECO FINANCE SERVICING CORP., CONSECO FINANCE CORP. (NEVADA), CONSECO FINANCE CREDIT CORP., CONSECO FINANCE CORP. - ALABAMA, CONSECO FINANCE CONSUMER DISCOUNT COMPANY,**

**Defendants.**

**Civil No. 00-1512(JRT/SRN)**

**O R D E R**

---

Paul J. Lukas, Esq., and Michelle Phillips, Esq., on behalf of the Plaintiffs.

Richard G. Mark, Esq., and Scott G. Bowman, Esq., on behalf of the Defendants.

---

DEC 0 3 2001
FILED ______
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD ______
DEPUTY CLERK ______

SUSAN RICHARD NELSON, United States Magistrate Judge

The above-entitled matter is before the undersigned Magistrate Judge of District Court to determine reasonable attorneys' fees and costs incurred by the Plaintiffs in bringing their March 14, 2001 motion to compel, and for fees and costs incurred in connection with the Manufactured Housing Division (MHD) mass mailing. See Doc. No. 245. Plaintiffs' counsel, Mr. Lukas submitted an Affidavit pursuant to this Court's Order dated March 20, 2001, in which this Court granted the Plaintiffs' motion for Rule 37 sanctions with respect to, inter alia, their request for fees and costs incurred in bringing their motion, and incurred in connection with sending out and responding to a mass mailing for the MHD originators. See Order of March 20, 2001, at p. 7. In sum, the Plaintiffs seek an award of $17,870.00 for attorney fees, and $ 2,478.00 for costs.[1] See Affidavit of Paul J. Lukas (Lukas Aff.), and attached Fees and Costs Report.

Defendant Conseco Finance Servicing Corp. (Conseco), opposes the Plaintiffs' requested fees and costs, asserting that they are

---

[1] Mr. Lukas attests that the Plaintiffs did not include in this tally time spent by Michelle Fisher and other attorneys on the motion to compel, nor did they include time spent coordinating and responding to the mass mailing, because "it would require more effort to identify these hours than is currently justifiable." See Lukas Aff. at ¶ 3.

excessive, duplicative and unreasonable. Conseco submits that on March 14, 2001, the Plaintiffs made numerous motions, including: 1) Motion to Amend to Add Conseco Finance Corp.; 2) Motion to Compel Supplemental Production; 3) Motion to Compel Due Diligence Documents; 4) Motion to Compel Production of electronic versions of previously produced documents; 5) Motion to Compel List of MHD Originators; and 6) Motion for Sanctions for Conseco's Failure to produce list of MHD Originators. Conseco points out that all of these motions were addressed in one nineteen page memorandum, and that the Plaintiffs' Fed. R. Civ. P. 37 sanctions motion related only to their motion to compel production of the names of 239 MHD originators. Conseco asserts that only ten of the pages of the memorandum related to the motion upon which the Plaintiffs sought sanctions and, although the Plaintiffs' Affidavit does not itemize costs and fees related to the MHD originator issue, Conseco takes issue with the Plaintiffs' claimed 76.60 hours of attorney time tallying $ 17,870.00, for the preparation of a ten page written argument and attendance at the hearing on that motion. Conseco contends that it appears that the Plaintiffs are attempting to recover all costs and fees relating to all of their various motions heard on March 14, 2001, and not just those related to the

disclosure of the MHD originators. Conseco argues that it is incumbent on the Plaintiffs to itemize only those fees and costs pertinent to the MHD originator issue, and the Plaintiffs have not done so.

Indeed, this Court granted Plaintiffs' motion for Rule 37 sanctions for attorneys' fees and costs incurred solely in connection with the Plaintiffs' Motion to Compel List of MHD Originators, and for fees and costs incurred in connection with the sending out and responding to a mass mailing for the MHD originators. See March 20, 2001, Order at pp. 4-7. The Court finds that because the Plaintiffs' Fees and Costs Report attached to the Affidavit of Paul J. Lukas does not itemize attorney time spent on the MHD originator issue, or the sanctions motions, it can be assumed that the $17,870.00 in attorneys' fees set forth in the Fees and Costs Report encompasses time spent on all six of the Plaintiffs' motions heard by this Court on March 14, 2001.

In their motion for sanctions, the Plaintiffs sought sanctions against Conseco under the auspices of both Fed. R. Civ. P. 37(c), for failing to disclose the MHD originators, and under Fed. R. Civ. P. 37(b) for violating two Court Orders. See Order dated March 20, 2001, at p.4. Both of these provisions permit, inter alia, an award to the aggrieved party of "reasonable expenses, including attorney's fees, caused by the

failure..." See Fed. R. Civ. P. 37(c)(1) and 37(b)(2)(E).

It appears from the affidavit that the requested sum, $17,870.00, includes all attorney preparation time expended on the entire set of motions heard by this Court on March 14, 2001, and should, therefore, not be awarded in sum as sanctions for only one of the motions considered that day. The Court, however, also recognizes that this sum does not include considerable time spent on the mass mailing to these potential class members. The Plaintiffs attribute 40.50 hours and $8, 820.00 to the drafting, research, and preparation of their motions papers; 28.10 hours and $7,3900.00 to prepare for the motion hearing, including 8.00 hours and $2,800.00 for the preparation of a PowerPoint presentation which, Conseco submits, addressed issues unrelated to the Plaintiffs MHD originator motion. Finally, the Plaintiffs attribute 8 hours and $2,200.00 for the attendance of two attorneys at the March 14th hearing.

Conseco proposes that the fees awarded to the Plaintiffs should be reduced substantially, considering: 1) that the Plaintiffs have failed to detail which of the listed fees relate to the issue on which they sought and were granted sanctions; 2) the relative simplicity of the MHD originator issue; 3) that there were a number of other issues addressed

in the Plaintiffs' memorandum and at the hearing for which sanctions were not requested or awarded; and 4) Conseco's good faith, but erroneous, belief that this action did not include MHD originators. Conseco therefore suggests an award to the Plaintiffs of $3,000.00 for attorneys' fees. Conseco does not dispute the Plaintiffs' tally of costs incurred in connection with the motion and mass mailing, which include $600.00 to ICON copy service, and $ 1,878.00 to PGS Printing[2], and does not object to an award of these costs to the Plaintiffs.

The Court finds, upon examination of the Plaintiffs' Fees and Costs Report attached to the Lukas Affidavit, that a reasonable amount of attorney's fees to be awarded in this matter is $8,934.00. The Court shall also award to the Plaintiffs the costs incurred in connection with sending out and responding to the mass mailing for the MHD originators, in the amount of $2478.00, i.e., reimbursement for $600.00 the Plaintiffs paid to ICON copy service, and the $1,878.00 they paid to PGS Printing. Hence the Plaintiffs are awarded a total of $11,412.00, as and for the sanctions granted in this Court's Order of March 20, 2001.

Based on the foregoing, and all the files, records and

---

[2] PGS Printing was hired and paid for mass mailing the materials provided to them by the Plaintiffs. See Lukas Aff., ¶ 4.

proceedings herein,

**IT IS HEREBY ORDERED** that:

1) Defendant Conseco Finance, Inc. shall pay $11,412.00 to the Plaintiffs, as and for the sanctions granted by this Court in its Order of March 20, 2001, and pursuant to the Affidavit of Paul J. Lukas detailing Fees and Costs (Doc. No. 245).

Dated: December 3, 2001.

SUSAN RICHARD NELSON
United States Magistrate Judge