**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

---

DAVID CASAS, TROY D. CLARK, PATRICK HOGAN, LINDA L. SOUDER, WILLIAM M. SOULE and SHEILLA A. SAMPSON, WILLIS J. GUYOT, MATTHEW A. McDEVITT, JAMES P. BRANDT on behalf of themselves and other past and present employees similarly situated,

Plaintiffs,

v.

CONSECO FINANCE CORP., CONSECO FINANCE SERVICING CORP., CONSECO FINANCE CREDIT CORP., CONSECO FINANCE CORP. – ALABAMAN, CONSECO FINANCE CONSUMER DISCOUNT COMPANY, and ABC CORPORATIONS 1-10,

Defendants.

Civil No. 00-1512 (JRT/SRN)

**ORDER AFFIRMING ORDER OF THE MAGISTRATE JUDGE DATED SEPTEMBER 25, 2001**

---

Donald H. Nichols, Paul J. Lukas, and Michele R. Fisher, NICHOLS, KASTER & ANDERSON, PLLP, 4644 IDS Center, 80 South Eighth Street, Minneapolis, MN, 55402, for plaintiffs.

Richard G. Mark, Ann Huntrods, and Scott G. Bowman, BRIGGS AND MORGAN, 2400 IDS Center, 80 South Eighth Street, Minneapolis, MN, 55402, for defendants.

FILED FEB 15 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD. ____
DEPUTY CLERK ____

This matter is before the Court on defendants' appeal from a portion of an order[1] of United States Magistrate Judge Susan Richard Nelson dated September 25, 2001 denying defendants' motion for an order adopting defendants' proposed discovery plan, defendants' motion for an order that a questionnaire be mailed to each plaintiff, defendants' motion to amend the scheduling order, and defendants' renewed motion to compel.

The standard of review of a Magistrate Judge's order on nondispositive pretrial matters is highly deferential. The district court will reverse an order of a Magistrate Judge only if the order is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); D. Minn. LR 72.1(b)(2). Upon review of the parties' submissions and the files, records and proceedings, the Court affirms the order of the Magistrate Judge.

## BACKGROUND

Plaintiffs are current or former employees in loan originator positions in three of defendants' business units. Plaintiffs contend that under the federal and state Fair Labor Standards Acts ("FLSA"), they are entitled to overtime compensation. Defendants argue that plaintiffs' job positions are exempt from the FLSA's overtime requirements. Approximately 2,900 individuals have joined the lawsuit in an effort to recover these unpaid wages in a collective action.

[1] The Magistrate Judge ruled on other motions in Part A of the order but they have not been appealed here. This appeal focuses on the Magistrate Judge's rulings in Part B of the September 25, 2001 order.

During February and March 2001, defendants served plaintiffs with interrogatories, document requests, and requests for admissions. Defendants received 1,302 executed answers and 1,530 unexecuted answers to interrogatories. In June, defendants informed the Magistrate Judge that they needed between 150 and 300 depositions and proposed that it be supplemented by written discovery and a questionnaire completed by all plaintiffs. On August 6, 2001, the Magistrate Judge ordered the development of a factual record concerning the appropriateness of collective action status and the determination of a representative sample of plaintiffs. She also stated that a "carefully crafted questionnaire" mailed to all plaintiffs would be the most efficient and effective way in terms of time and cost for defendants to obtain information. The Magistrate Judge ordered the parties to meet and discuss the remaining discovery issues, including the contents of the questionnaire and the defendants' outstanding interrogatories and document requests. During several meetings, the parties failed to reach an agreement with regard to the means and scope of discovery. Plaintiffs offered unlimited depositions until the end of the year if the defendants agreed to certain conditions, including that plaintiffs would not be required to individually respond to defendants' questionnaire. The defendants insisted on completed responses to written requests and questionnaires before depositions would take place.

During a September 14, 2001 hearing to resolve these issues, the Magistrate Judge described defendants' three-page, single-spaced questionnaire as "complicated" and "too difficult." She expressed concern that the device would not likely achieve the desired end because the class of plaintiffs had so far failed to adequately respond to written

requests. The Magistrate Judge concluded that a deposition setting where the same questions could be asked in the presence of counsel would be more likely to produce the desired result of obtaining representative testimony. Accordingly, by order dated September 25, 2001, the Magistrate Judge granted a three-month time period for the parties to conduct such depositions and otherwise denied defendants' motions.

## ANALYSIS

Defendants argue that the Magistrate Judge's order is clearly erroneous and contrary to law in that it denies defendants the ability to utilize written discovery and/or a questionnaire in order to develop the required factual record and deprives defendants the use of written discovery tools to which they are entitled under Rules 26, 33, 34 and 36 of the Federal Rules of Civil Procedure. Given the deferential standard of review, the Court does not find that these objections satisfy the clearly erroneous or contrary to law standard for overturning the Magistrate Judge.

The Federal Rules of Civil Procedure grant courts broad discretion in determining the scope and method of discovery based upon the circumstances of each case. Fed. R. Civ. P. 26(b)(2). Specifically, Rule 26(b)(2) permits a court upon its own initiative to limit "the frequency or extent of use of discovery methods" if:

> (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in revolving the issues.

While defendants agree that Rule 26(b)(2) applies if any of the above circumstances are present, defendants argue that none of these circumstances exist to support the Magistrate Judge's denial of defendants' rights of conducting written discovery. The Court disagrees. The Magistrate Judge originally agreed that a questionnaire sent to each plaintiff might provide an efficient and effective means of obtaining necessary information. However, she later concluded, particularly in light of the defendants' proposed questionnaire, that the use of a questionnaire would be unsuccessful and would pose significant problems. She specifically expressed concern that plaintiffs would be unable to effectively respond to the detailed questionnaire without the assistance of counsel and that any such plaintiff should not be penalized from pursuing his or her case. The Magistrate Judge determined that further deposition testimony was necessary to establish a representative sample of plaintiffs.

The Magistrate Judge properly weighed the circumstances listed in Rule 26(b)(2) in drawing this conclusion. During both the motion hearing and in her written order, the Magistrate Judge alluded to the burdensome nature of the questionnaire by describing it as "onerous," "complicated" and not likely to be successful. The Magistrate Judge stated that she did not believe that plaintiffs could effectively respond to the questionnaire without the assistance of counsel. In addition, the Magistrate Judge found the questionnaire to be duplicative of questions that would be asked in depositions. These conclusions are consistent with the provision set forth in Rule 26(b)(2)(i).

The Magistrate Judge also considered whether the burden of the questionnaire outweighed its likely benefits in light of the circumstances and issues of the case, an

analysis that falls squarely within the parameters of Rule 26(b)(2)(iii). The Magistrate Judge concluded that the need for plaintiffs to provide complete answers while being represented by counsel outweighed any benefits that the questionnaire might provide. Based on the previous plaintiff responses to written requests, the Magistrate Judge determined that a detailed questionnaire would not be a successful means of obtaining information with regard to obtaining representative testimony.

Upon review of the parties' submissions, the Court is not left "with the definite and firm conviction that a mistake has been committed." *Chakeles v. Commissioner of Internal Revenue*, 79 F.3d 726, 728 (8th Cir. 1996). Accordingly, the Court affirms the order of the Magistrate Judge as being neither clearly erroneous nor contrary to law and denies defendants' appeal of the Magistrate Judge's September 25, 2001 order.

**ORDER**

Based on the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that the Order of the Magistrate Judge [Docket No. 310] is **AFFIRMED.**

DATED: February 15, 2002
at Minneapolis, Minnesota.

JOHN R. TUNHEIM
United States District Judge